DAVID B. DEDA, District Attorney, Price County
You have asked whether sec. 348.20 (3), Stats., allows the shifting of loads of forest products in order to conform to increased weight limitations promulgated under sec. 348.175, Stats. Section 348.20 (3), Stats., reads:
 "When a vehicle or combination of vehicles is transporting livestock, bulk products or peeled or unpeeled forest products cut crosswise and a violation of a single axle or a group of axles over the limits set forth in ss. 348.15 (3) (b), (c) or (d) and 348.16 is detected, there shall be no prosecution provided that the axles under consideration can be made legal by shifting the load but no shifting of load shall be required unless the overload is more than 1,500 pounds per axle or group of axles. This shall not apply to the national interstate and defense highway system."
This statute clearly excuses, under the specified circumstances, weights in excess of those specified by secs. 348.15 (3) (b), (c) and (d), and 348.16, Stats. Your question is whether this same statute also excuses, under the same circumstances, weights in excess of those increased maximum weights declared by highway authorities pursuant to sec. 348.175, Stats. It is my opinion that this question must be answered in the negative. *Page 165 
Section 348.15 (3) (b), (c) and (d), Stats., establishes maximum weight limitations for single axles, groups of two or more axles and total weight of a vehicle. Section 348.175, Stats., authorizes the transportation of peeled or unpeeled forest products cut crosswise in excess of such weight limitations when the highways are so frozen that no damage will result to the highway. This statute directs highway authorities to declare which highways are eligible for the increased weight limitations, and such declaration must include a statement of the maximum weight on each axle, combination of axles and the gross weight allowed. When this has been done, a load of such forest products may exceed the weights set forth in sec. 348.15 (3), Stats., up to the maximum weights established and declared pursuant to sec. 348.175, Stats.
You point out that the weight of these forest products is difficult to estimate at the time of loading and that this is recognized in the public policy of excusing certain weight violations where they can be made legal by shifting the load, as set forth in sec. 348.20 (3), Stats. You also point out that this difficulty is the same in both summer and winter. You conclude that this allowance of weight shifting has thus been declared by the legislature to be the public policy of the state in regard to these forest products, and therefore, sec. 348.20 (3), Stats., was meant to apply to sec. 348.175, Stats., as well as to sec.348.15 Stats. I cannot agree with your conclusion.
Section 348.20 (3), Stats., specifically states that it applies to violations of the weight limits set forth in secs. 348.15 (3) (b), (c) and (d), and 348.16, Stats. It does not specifically provide that it applies to violations of higher weight limitations set under sec. 348.175, Stats. As a matter of public policy, the legislature could have made it so applicable, but it did not do so. This omission cannot be remedied by construction. In 60 OAG 28 (1971), we advised that sec. 348.20 (3), Stats., is not a statute which must be strictly construed in favor of the alleged violator. It is, in fact, an exception. A person claiming the benefit of such exception has the burden of proving, as a matter of defense, that he falls within the exception. The prosecution does not have to negative the applicability of the exception. Inasmuch as the legislature has not provided that the exception established by sec. 348.20 (3), Stats., is to apply to violations of weight limits set under sec. 348.175, *Page 166 
Stats., as well as to limits set by sec. 348.15 (3), Stats., it is my opinion that sec. 348.20 (3), Stats., is not applicable to violations of weight limits set under sec. 348.175, Stats.
BCL:AOH